UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST L. GREEN,

              Petitioner,

v.                            CASE NO. 2:06cv12033
                                  HONORABLE DENISE PAGE HOOD
GERALD HOFBAUER,              MAGISTRATE JUDGE SCHEER

              Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION FOR A STAY
AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

**I. Background**

Petitioner Ernest L. Green initiated this action by filing a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition attacks Petitioner's state convictions for first-degree murder, assault with intent to commit murder, felon in possession of a firearm, and felony firearm. The grounds for relief allege (1) erroneous admission of "bad acts" evidence, (2) ineffective assistance of trial counsel (failure to call Petitioner and a doctor as witnesses), (3) deprivation of the right to present a complete defense, (4) insufficient evidence to support the conviction for assault with intent to commit murder, and (5) ineffective assistance of appellate counsel (failure to raise all claims of arguable merit).

Petitioner's convictions were affirmed on appeal. He subsequently moved for relief from judgment, but the trial court denied his motion, and the State's appellate courts denied leave to appeal the trial court's decision.

Petitioner filed his habeas petition in this Court on May 3, 2006.  Respondent Gerald Hofbauer recently filed an answer to the habeas petition through counsel.  He argues that: Petitioner's first claim is not cognizable on habeas review; the second habeas claim is procedurally barred; the third and fourth claims fail because the state court's conclusions were reasonable applications of Supreme Court precedent; and Petitioner's fifth claim lacks merit.

Petitioner initially requested sixty days in which to file a reply to Respondent's answer. However, this matter currently is pending before the Court on Petitioner's recent motion for a stay or voluntary dismissal of these proceedings.  Petitioner alleges that, on July 24, 2006, he filed a second or successive motion for relief from judgment in the trial court.  The motion asserts a claim of actual innocence based on newly discovered evidence.  Petitioner alleges that he cannot prepare a reply to the responsive pleading in this case because his claim of actual innocence is unexhausted.

## II.  Discussion

State prisoners must "fairly present" their claims in each appropriate state court before seeking a federal writ of habeas corpus.  28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Absent unusual or exceptional circumstances, courts must dismiss habeas petitions containing any claims that have not been fairly presented to the state court.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996).

Petitioner currently is attempting to exhaust state remedies for a new claim of actual innocence.  A dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See* 28 U.S.C. § 2244(d).  In light of this dilemma, courts are not

2

precluded from

> retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, *see* 28 U.S.C. § 2254(b)(2) (1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

*Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring). Stay and abeyance, however, are "available only in limited circumstances," such as

> when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").
>
> . . . . And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See* [*Zarvela v. Artuz*, 254 F.3d 374, 380-81 (2d Cir. 2001)].

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Petitioner has shown "good cause" for not exhausting state remedies earlier by demonstrating that he acquired new evidence supporting his claim of actual innocence after he filed his habeas petition. He does not appear to be engaged in abusive litigation tactics or intentional delay, and although, "a claim of 'actual innocence' is not itself a constitutional claim," *Herrera v. Collins*, 506 U.S. 390, 404 (1993), Respondent alleges that one of Petitioner's claims is procedurally defaulted. A showing of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id*. A gateway claim "does not require absolute certainty about the petitioner's guilt or

innocence." *House v. Bell*, 126 S. Ct. 2064, 2077 (2006). "A petitioner's burden at the gateway stage is to demonstrate that . . . more likely than not any reasonable juror would have reasonable doubt" in light of the new evidence. *Id*.

It would not be an abuse of discretion to stay this case while Petitioner exhausts state remedies for his claim of actual innocence. Accordingly, Petitioner's motion for a stay [Doc. 9, Dec. 11, 2006] is GRANTED. The stay is conditioned on Petitioner moving to re-open this case within **sixty (60) days** of exhausting state remedies for his new claim, if he is unsuccessful in state court. Failure to abide by this condition may result in the dismissal of the habeas petition with prejudice.

The Court **ORDERS** the Clerk of Court to close this case for administrative purposes. Nothing in this order or in the related docket entry is meant to be an adjudication on the merits of Petitioner's claims.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: April 23, 2007


I hereby certify that a copy of the foregoing document was served upon counsel of record on April 23, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

4